By the Court.
George Winslow, who is confined in the Ohio penitentiary under an indeterminate sentence imposed on him June 11, 1913, by the court of common pleas of Licking county, for burglary committed February 8, 1913, files an application in this court for a writ of habeas corpus. He asks that the same be issued to P. E. Thomas as warden of the Ohio penitentiary, by whom he claims to be unlawfully restrained of his liberty. He was sentenced to remain in the penitentiary “until discharged by due process of .law.” He says that his sentence should have been for a definite term, in accordance with the provisions of Section 12374, General Code, and should have been for not less than one year nor 'more than fifteen years under Section 12438.
*329 His contention is that the sentence under which he is now confined in the penitentiary was and is illegal and utterly void in law. He says the only acts of the legislature empowering courts to impose indeterminate sentences were Section 7388-6, Revised Statutes, and Section 2166, General Code, as amended February 13, 1913, effective May 13, 1913.
He insists that Section 7388-6, Revised Statutes, was repealed February 14, 1910, upon the adoption of the General Code, the repealing section being 13767; that if it were not repealed, it was ineffective as to him, as he had previously served a term in a penal institution.
He further claims that both Section 7388-6, Revised Statutes, and Section 2166, General Code, are in contravention of Section 11 of Article III and Section 1 of Article IV of the Constitution of Ohio, the former vesting the pardoning power in the governor and the latter the judicial power in the courts of the state, and finally that Section 2166, which did not become effective until May 13, 1913, conferred no authority upon the court to impose an indeterminate sentence upon him for a crime committed February 8, 1913, for the reason that said statute, if applied to his case, would in its operation contravene the provision of Section 10 of Article I of the Constitution of the United States prohibiting the enactment of an ex post facto law.
It is unnecessary in determining whether the relief sought here should be granted to consider *330 the constitutionality of the indeterminate-sentence laws or whether either of them was effective as to the petitioner. He was indicted, tried and convicted under the burglary statute, Section 12438, General Code. The punishment therein prescribed is imprisonment in the penitentiary not less than one year nor more than fifteen years, and the trial court had authority to impose a prison sentence. If the court in sentencing him did not act under this statute, but sentenced him under another statute, which for the purposes of this case may be conceded to have been invalid, the sentence was erroneous' and voidable but not void. The error was not a jurisdictional one and it cannot be reviewed in a proceeding in habeas corpus. This is in accordance with our holding in In re Allen, ante, 315.
The writ, therefore, must be denied and the prayer of the petition refused.

Writ refused.

Nichols, C. J., Johnson, Donahue, Wanamaker, Newman, Jones and Matthias, JJ., concur.